Meredith Cavallaro
Andrea Moss
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York  10020
Attorneys for Defendants
Gansevoort, LLC and Hotel Gansevoort Group, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BRIAN FISCHLER, Individually and on behalf            :
of all other persons similarly situated,

                                                          :

                      Plaintiff,

                                             :       No. 18-CV-01899
                                                 (AJN)(RWL)

          v.

                                           :

GANSEVOORT, LLC AND HOTEL
GANSEVOORT GROUP, LLC,                                 :

                    Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' ANSWER TO THE COMPLAINT

       Defendants Gansevoort, LLC and Hotel Gansevoort Group, LLC (collectively, "Defendants"), by their undersigned attorneys, answer the Complaint (the "Complaint") filed by Plaintiff Brian Fischler ("Plaintiff") as follows:

### INTRODUCTION[1]

    1.    Deny the allegations contained in paragraph 1 of the Complaint.

    2.    Deny the allegations contained in paragraph 2 of the Complaint except admit that Plaintiff purports to assert claims as set forth therein.

---

[1]    References herein to the heading points contained in the Complaint are for reference only and shall not be deemed an admission of any fact or conclusion of law by Defendants.

3.      Deny the allegations contained in paragraph 3 of the Complaint except admit that Plaintiff purports to proceed as set forth therein.

## THE PARTIES

4.      Deny the allegations contained in paragraph 4 of the Complaint except deny having knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's residency or Plaintiff's status as "legally blind" or a "blind visually handicapped person".

5.      Admit the allegations contained in paragraph 5 of the Complaint.

6.      Admit the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Deny the allegations contained in paragraph 7 of the Complaint.

8.      Deny the allegations contained in paragraph 8 of the Complaint.

9.      Deny the allegations contained in paragraph 9 of the Complaint.

10.     Aver that paragraph 10 of the Complaint contains legal conclusions as to which no response is required, and otherwise deny the allegations contained in paragraph 10 of the Complaint.

## NATURE OF THE ACTION

11.     Deny the allegations contained in paragraph 11 of the Complaint.

12.     Deny the allegations contained in paragraph 12 of the Complaint.

13.     Deny the allegations contained in paragraph 13 of the Complaint.

14.     Deny the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint.

## STATEMENT OF FACTS

16.     Deny the allegations contained in paragraph 16 of the Complaint, except admit that Defendants operates Gansevoort Hotel which is located in New York, New York.

17.     Admit the allegations contained in paragraph 17 of the Complaint.

18.     Deny the allegations contained in paragraph 18 of the Complaint, except admit that defendants operate a website with the domain name www.gansevoort.com (the "Website") and refer the Court to the Website for a complete and accurate statement of its contents.

19.     Deny the allegations contained in paragraph 19 of the Complaint and refer the Court to the Website for a complete and accurate statement of its contents.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny having knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Deny the allegations contained in paragraph 23, including all subparts, of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27, including all

subparts, of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30, including all subparts, of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

<u>CLASS ACTION ALLEGATIONS</u>

35.     Deny the allegations contained in paragraph 35 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

36.     Deny the allegations contained in paragraph 36 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

37.     Deny the allegations contained in paragraph 37 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

38.     Deny the allegations contained in paragraph 38, including all subparts, of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

4

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

43.    Answering paragraph 43 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 42 as if fully set forth herein.

44.    Aver that paragraph 44 of the Complaint purports to cite to statutory law and Defendants refer the Court to the statute cited therein for a complete and accurate statement of its contents, and otherwise deny the allegations contained in paragraph 44.

45.    Deny the allegations contained in paragraph 45 of the Complaint.

46.    Deny the allegations contained in paragraph 46 of the Complaint, and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

47.    Deny the allegations contained in paragraph 47 of the Complaint, and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

48.    Aver that paragraph 48 of the Complaint purports to cite to statutory law and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    Deny the allegations contained in paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE NYSHRL

51.    Answering paragraph 51 of the Complaint, repeat and reallege

the foregoing responses to paragraphs 1 through 50 as if fully set forth herein.

52.   Aver that paragraph 52 of the Complaint purports to cite to statutory law and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

53.   Deny the allegations contained in paragraph 53 of the Complaint.

54.   Deny the allegations contained in paragraph 54 of the Complaint.

55.   Deny the allegations contained in paragraph 55 of the Complaint

56.   Aver that paragraph 56 of the Complaint purports to cite to statutory law and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

57.   Aver that paragraph 57 of the Complaint purports to cite to statutory law and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

58.   Deny the allegations contained in paragraph 58 of the Complaint.

59.   Deny the allegations contained in paragraph 59 of the Complaint.

60.   Deny the allegations contained in paragraph 60 of the Complaint.

61.   Deny the allegations contained in paragraph 61 of the Complaint.

62.   Deny the allegations contained in paragraph 62 of the Complaint.

63.   Deny the allegations contained in paragraph 63 of the Complaint.

64.   Deny the allegations contained in paragraph 64 of the Complaint.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE CIVIL RIGHTS LAW

65.   Answering paragraph 65 of the Complaint, repeat and reallege

the foregoing responses to paragraphs 1 through 64 as if fully set forth herein.

66.   Aver that paragraph 66 of the Complaint purports to cite to statutory law and Defendants refer the Court to the statute cited therein for a complete and accurate statement of its contents.

67.   Deny the allegations contained in paragraph 67 of the Complaint.

68.   Deny the allegations contained in paragraph 68 of the Complaint.

69.   Deny the allegations contained in paragraph 68 of the Complaint.

70.   Deny the allegations contained in paragraph 70 of the Complaint.

71.   Deny the allegations contained in paragraph 71 of the Complaint.

72.   Deny the allegations contained in paragraph 72 of the Complaint.

73.   Deny the allegations contained in paragraph 73 of the Complaint.

74.   Deny the allegations contained in paragraph 74 of the Complaint.

75.   Deny the allegations contained in paragraph 75 of the Complaint.

76.   Deny the allegations contained in paragraph 76 of the Complaint.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE NYCHRL

77.   Answering paragraph 77 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 76 as if fully set forth herein.

78.   Deny the allegations contained in paragraph 78 of the Complaint.

79.   Deny the allegations contained in paragraph 79 of the Complaint.

80.   Deny the allegations contained in paragraph 80 of the Complaint.

## PRAYER FOR RELIEF

81.   Deny the allegations contained in the unnumbered paragraph

beneath the heading "Prayer for Relief," including sub-parts, of the Complaint.

## DEMAND FOR A TRIAL BY JURY

82.    Deny the allegations contained in the unnumbered paragraph beneath the heading "Demand for a Trial by Jury," of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## DEFENSES

## FIRST DEFENSE

83.    The Complaint is barred, in whole or in part, because the Website is compliant with the Web Content Accessibility Guidelines ("WCAG") 2.0.

## SECOND DEFENSE

84.    The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

85.    The Complaint is barred, in whole or in part, because Defendants have not discriminated against Plaintiff (or any putative member of the purported class) on the basis of a disability.

## FOURTH DEFENSE

86.    The Complaint is barred, in whole or in part, because Defendants have not directly or indirectly, refused, withheld from or denied to Plaintiff (or to any putative member of the purported class) any accommodation, advantage, facility, good, privilege or service of Defendants on the basis of any disability or perceived disability.

## FIFTH DEFENSE

87.    The Complaint is barred, in whole or in part, because the Website is not a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. ("Title III").

## SIXTH DEFENSE

88.    The Complaint is barred, in whole or in part, because, assuming *arguendo* that Defendants did provide Plaintiff (or any putative member of the purported class) on the basis of a disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that Defendants provide to other individuals, such action was necessary to provide Plaintiff with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others.

## SEVENTH DEFENSE

89.    The Complaint is barred, in whole or in part, because Defendants have policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

## EIGHTH DEFENSE

90.    The Complaint is barred, in whole or in part, because Defendants have made reasonable modifications to its policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, and has not refused to make

reasonable modifications to such policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.

## NINTH DEFENSE

91.     The Complaint is barred, in whole or in part, because the auxiliary aids and services sought by Plaintiff would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered by Defendants, or would result in an undue burden to Defendants.

## TENTH DEFENSE

92.     The Complaint is barred, in whole or in part, because, assuming *arguendo* that any access barrier to any good, service, facility, privilege, advantage, or accommodation being offered by Defendants does exist, the removal of any such barrier is not readily achievable.

## ELEVENTH DEFENSE

93.     The Complaint is barred, in whole or in part, because, assuming *arguendo* that any access barrier to any good, service, facility, privilege, advantage, or accommodation being offered by Defendants does exist, such goods, services, facilities, privileges, advantages, or accommodations are available through alternative methods.

## TWELFTH DEFENSE

94.     The Complaint is barred, in whole or in part, because Defendants have made best efforts to comply with Title III, the NYSHRL and the NYCHRL,

including by maintaining a public website that, on information and belief, is accessible to blind and visually-impaired users and by providing appropriate alternative access to Defendants' goods, services, facilities, privileges, advantages and/or accommodations.

## THIRTEENTH DEFENSE

95.    The Complaint is barred, in whole or in part, because governmental regulations, guidelines or technical assistance are necessary to determine the obligations a regulated individual or institution must abide by in order for a website owned or operated by that individual or institution to comply with the public accommodation requirements of Title III, and there are no such governmental regulations, guidelines or technical assistance and enforcement of any non-governmental regulations, guidelines or technical assistance by the Court would violate Defendants' due process rights.

## FOURTEENTH DEFENSE

96.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## FIFTEENTH DEFENSE

97.    The Complaint is barred, in whole or in part, to the extent Plaintiff is guilty of bad faith and/or unclean hands.

## SIXTEENTH DEFENSE

98.    The Complaint is barred, in whole or in part, based on the doctrines of waiver, estoppel and/or laches.

11

## SEVENTEENTH DEFENSE

99.   The Complaint is barred, in whole or in part, because Plaintiff (or any putative member of the purported class) has sustained no injury arising from the conduct alleged.

## EIGHTEENTH DEFENSE

100.   The Complaint is barred, in whole or in part, because Plaintiff lacks standing to raise the claims alleged.

## NINETEENTH DEFENSE

101.   The Complaint is barred, in whole or in part, because the alleged injury of Plaintiff (or any putative member of the purported class) was the result of acts and/or omissions of one or more third parties over whom Defendants have no control.

## TWENTIETH DEFENSE

102.   The Complaint is barred, in whole or in part, because it does not satisfy the requirements of a class action.

## TWENTY-FIRST DEFENSE

103.   Recovery is barred, in whole or in part, because the damages alleged are speculative and not recoverable under the law.

## TWENTY-SECOND DEFENSE

104.   Recovery is barred, in whole or in part, because Plaintiff (or any putative member of the purported class) has failed to mitigate any damages he may have suffered.

105. Defendants reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of litigation.

WHEREFORE, Defendants respectfully demand judgment denying the relief sought by Plaintiff in the Complaint, reimbursement for the costs and disbursements of this action, including its attorneys' fees, and for such other and further relief as this Court deems just and equitable.

Dated:  New York, New York
        June 29, 2018

PADUANO & WEINTRAUB LLP

By: _____
        Meredith Cavallaro
        Andrea Moss
1251 Avenue of the Americas, 9TH Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
mcavallaro@pwlawyers.com
am@pwlawyers.com

Attorneys for Defendants
Gansevoort, LLC and
Hotel Gansevoort Group LLC